20092

B. Lewis RUSHING, Respondent, v. CITY OF GREENVILLE et al., Appellants. Thomas A. WOFFORD, Respondent, v. CITY OF GREENVILLE et al., Appellants. Mollie F. WOOD, Respondent, v. CITY OF GREENVILLE et al., Appellants.

(217 S. E. (2d) 797)

286.

*Robert O. Conoley, Esq.,* of Greenville, *for Appellants,* cites:

*Theodore A. Snyder, Jr., Esq.,* of Greenville, *for Respondents,* cites:

September 5, 1975.

NESS, Justice:

These three zoning cases have been consolidated for appeal. The Trial Judge, concurring with the Master in Equity, declared as "unreasonable" the City Council of Greenville's denial of respondents' application for rezoning. The City seeks reversal of the Trial Judge's order. The plaintiffs-respondents are the owners of separate adjoining lots on the south side of Augusta Street, at the intersection of Church, in the City of Greenville. Their lots are all zoned in classification "D" which allows multiple family residential uses. They have asked for a rezoning of their respective lots to classification "D-1" which is a transitional zone classification. The "D-1" zone permits the business uses allowed in the "E" local commercial district. Such commercial uses, however, are hedged by a long array of safeguards that are designed to protect nearby noncommercial properties and to prevent traffic congestion.

The findings of fact of the Master and Trial Judge are fully supported by the record and we affirm them. To summarize their findings the intersection of Augusta and Church Streets is the intersection of two arterial highways, U. S. Highway 25 on Augusta Street and U. S. Highway 29 and Interstate I-185 on Church Street. An average of

*thirteen vehicles a minute* pass the Augusta Road frontage of all three landowners and an additional *eleven vehicles a minute* pass on the Church Street side of the Rushing property. Traffic flows day and night and vehicle lights constantly sweep the respondents' lots. Vibrations and noise from heavy trucks, motorcycles and other automotive traffic are every present.

The area is heavily developed for commercial uses. One corner of the Church-Augusta Streets intersection is now occupied by a Howard Johnson Motel, another corner by a gasoline filling station. Church Street from the intersection into downtown Greenville is lined by office buildings, a motel and shopping center. Augusta Street leading west from the intersection is business into downtown Greenville. Augusta Street in front of the respondents' lots and for an additional block is restricted to residential use, which creates a small island in an area otherwise zoned and used for intensive commercial purposes.

The increased traffic, noise and encroaching commercial development have all been sanctioned by the City by zoning changes. These conditions have effectively destroyed any value of the lots for residential purposes. Moreover, the transitional "D-1" classification includes provisions which can adequately protect the remaining residential lots from further encroachment.

The Court will not overturn the action of the City if the decision is fairly debatable because the City's action is presumed to have been a valid exercise of power and it is not the prerogative of the Court to pass upon the wisdom of the decision. *Lurey v. City of Laurens,* S. C., 217 S. E. (2d) 226 (1975); *Rush v. City of Greenville,* 246 S. C. 268, 276, 143 S. E. (2d) 527 (1965). When the petitioner overcomes the presumption that the City's action was valid and establishes the decision is not fairly debatable, but is rather "so unreasonable as to impair or destroy constitutional rights," *Id.* p 276, 143 S. E. (2d) p. 531, the

court's duty is to declare the City's action unconstitutional. "[I]n the final analysis the question of due process is a judicial, not legislative, one." *James v. City of Greenville,* 227 S. C. 565, 585, 88 S. E. (2d) 671 (1955).

Under the circumstances of the case, the denial of the  requested changes was patently unreasonable. The City's exceptions are without merit. We affirm the trial court's finding that the existing "D" zoning is invalid as applied to these lots and that the City's denial of the requested changes was improper.

Affirmed.

Moss, C. J., and LEWIS and LITTLEJOHN, JJ., and BRAILSFORD, Acting Associate Justice, concur.