0841

In re GEORGETOWN COUNTY BUILDING OFFICIAL and the Georgetown County Planning Commission of whom the Georgetown County Planning Commission is the Appellant v. J. Neil LEWIS, Respondent.

(351 S. E. (2d) 584)

Court of Appeals

*H. E. Bonnoitt, Jr.,* Georgetown, *for appellant.*

*Eugene S. N. Lawrimore,* Georgetown, *for respondent.*

Heard Nov. 17, 1986.

Decided Dec. 15, 1986.

SHAW, Judge:

Respondent, J. Neil Lewis, appealed to the Zoning Board of Appeals for Georgetown County for a zoning variance. The variance was granted. Appellant, Georgetown County Planning Commission, appealed and the circuit court affirmed. We reverse.

Lewis owns a piece of property on Highway 17 in Georgetown County. The property has fifty (50) feet of frontage on the highway. Lewis bought this property in 1981. He intended to develop the entire tract into a nursery business. However, those plans did not materialize and Lewis now operates a small convenience store on the property.

General Telephone approached Lewis and offered to purchase a small portion of the property, at the rear of the

tract, on which to build an unstaffed fiberoptic substation. A variance is required because the property General Telephone seeks to purchase does not have fifty (50) feet of frontage on a public street or highway. Such frontage is required by Section 411 of the Zoning Ordinance of Georgetown County and Article IV, Section 2-11 and 4-1 of the Subdivision Regulations of Georgetown County. The ordinance and regulations were in effect when Lewis purchased this property.

The Zoning Board of Appeals has the statutory authority to grant a variance. S. C. Code Ann. § 6-7-740 (1976). One of the findings the Board must make before granting a variance is "The application of the ordinance or resolution of this particular piece of property would create an unnecessary hardship ..." Section 6-7-740(2)(b). The circuit court found such a hardship in this case. However, our Supreme Court has clearly held a property owner may not, in seeking a variance, complain of a hardship he created. *Rush v. City of Greenville*, 246 S. C. 268, 143 S. E. (2d) 527 (1965).

Lewis knew, or should have known, when he purchased this property that fifty (50) feet of frontage on a public street is required by law in Georgetown County. He obviously knew the entire tract has only fifty (50) feet of frontage on a public street and, thus, could not be subdivided. Therefore, we hold his claimed hardship is of his creation and that he cannot subdivide his property.

Reversed.

SANDERS, C. J., and GARDNER, J., concur.