0849

J. Mac WITHERSPOON, Respondent v. The CITY OF COLUMBIA, South Carolina, and the Zoning Board of Adjustment of the City of Columbia, South Carolina, Appellants.

(351 S. E. (2d) 903)

Court of Appeals

*Roy D. Bates, James S. Meggs* and *Joseph Wettlin, Office of the City Attorney,* of Columbia, *for appellants.*

*Edmund H. Monteith,* of *Monteith & Monteith,* Columbia, *for respondent.*

Heard Nov. 18, 1986.

Decided Dec. 29, 1986.

SHAW, Judge:

Appellants, City of Columbia and the Zoning Board of Adjustment of the City of Columbia (the Board), appeal the circuit court's reversal of the Board's denial of respondent, J. Mac Witherspoon's, request for a zoning variance. We reverse.

In 1974, Witherspoon purchased the property at 2820 Blossom Street and the adjacent property at 2822 Blossom Street. Both properties are located in the City of Columbia. At the time of purchase, both properties were tri-plex dwellings and located in a district zoned RG-1. According to the criteria under RG-1 zoning, which requires 5,000 square feet of land for each unit, both properties contain square footage only sufficient to provide for a duplex.

In 1978, the City of Columbia notified Witherspoon the property at 2822 Blossom Street was not in compliance with zoning requirements. Witherspoon petitioned the Board for, and received, a variance to allow the tri-plex to remain at 2822 Blossom Street. In October of 1981, Witherspoon petitioned the Board for a similar variance for the property at 2820 Blossom Street. This petition was denied and Witherspoon appealed to the circuit court. The circuit court reversed the Board and granted the variance.

The property in question parallels the southern boundary of the property at 2822 Blossom Street. The lots to the north of the property in question are zoned RG-2. The criteria

under RG-2 zoning requires 5,000 square feet for each additional unit. Since the property in question contains approximately 10,608 square feet, it would be in compliance as a tri-plex if zoned RG-2. Based on these facts, the circuit court found the Board's denial of a variance unreasonable and an abuse of the Board's discretion. We disagree.

"There is a strong presumption in favor of the validity of municipal zoning ordinances, and in favor of the validity of their application. . . ." *Rush v. City of Greenville*, 246 S. C. 268, 143 S. E. (2d) 527, 531 (1965). A court should not disturb the governing bodies' exercise of their power unless there is a plain violation of someone's constitutional rights. *Rush*, 143 S. E. (2d) at 531.

The circuit court distinguished *Rush* from this case by finding, here, unlike in *Rush*, Witherspoon did not purchase the property with the intent to apply for a variance. We hold the application of *Rush* is not restricted to cases where a petitioner, with knowledge of the zoning requirements, buys a piece of property with the *intention at the time of purchase* to apply for a variance.

*Rush* does contain language denying a petitioner a variance where he purchased property with the intention to apply for a variance based on a peculiar hardship caused by the zoning restrictions. However, *Rush*, in less restrictive language, states unequivocally ". . . nor can one who purchases property after the enactment of a zoning regulation complain that a nonconforming use would work an unnecessary hardship upon him." 143 S. E. (2d) at 532.

The fact the Board issued Witherspoon a variance on an adjacent piece of property does not diminish the Board's discretion in all similar petitions thereafter. Witherspoon knew or should have known this property could not be used as a tri-plex when he purchased the property. Thus, his purchase of a nonconforming use cannot be held to be in good faith. We hold the Board acted within its discretion in denying the variance and the circuit court erred in reversing the Board's decision.

Reversed.

SANDERS, C. J., and GARDNER, J., concur.