## 23448

Lucy M. KNOWLES, Appellant v. The CITY OF AIKEN, a Municipal Corporation, Respondent.

(407 S.E. (2d) 639)

Supreme Court

*Lucy M. Knowles, appellant, pro se.*

*City Atty. James M. Holly,* Aiken, *for respondent.*

Heard April 2, 1991; Decided Aug. 5, 1991.

Rehearing Denied Sept. 4, 1991.

TOAL, Justice:

This case involves a landowner in Aiken, South Carolina, who seeks judicial invalidation of a zoning ordinance passed by the City of Aiken which she claims constitutes illegal spot zoning. The Master-in-Equity granted summary judgment to the City. We affirm.

The facts are undisputed. The City of Aiken annexed a tract of land near the landowner's residence and zoned the tract for professional offices. The tract was previously unzoned county property on which were located a beauty shop operated out of a trailer home and an automobile upholstery repair shop surrounded by several abandoned cars.

The annexation of the tract provides the tract with the benefit of the City's utilities. However, the landowner complains, not of this annexation, but the zoning of the tract for use for professional offices which, she alleges, conflicts with the uses of the surrounding areas. The areas surrounding the tract are primarily single family residential zones, multifamily residential zones, a city park, an equestrian training center, and county areas which are not zoned for any restrictions.

The landowner claims that the zoning of this tract for professional offices constitutes arbitrary, capricious and illegal spot zoning which interferes with the residential areas, the safe enjoyment of the city park, and the safe operations of the equestrian training facility. She complains that this professional zone in the midst of a peaceful, tranquil, suburban-type neighborhood will introduce disruptive, annoying, and hazardous traffic. In support of her position she offers petitions signed by other residents in the area and a letter from the owner/operator of the equestrian training facility, all of which express displeasure and objection to this zoning of the tract.

Conversely, the City emphasizes that the prior use of this tract was essentially commercial and constituted a veritable eyesore in this otherwise aesthetically pleasing neighborhood. The offices being constructed on the tract are medical offices located in single or two story buildings that closely resemble suburban residences in their architecture. The City also points out that adjoining this tract are several apartment houses which already introduce the element of traffic which the landowner fears the professional offices will bring. In support of its position, the City offers letters and petitions from the landowners whose residences are adjacent to and most closely situated to the tract which support the zoning of the tract and the use the tract is being put to under that new zoning.

The Master-in-Equity heard motions for summary judgment from both parties. He granted the motion for the City on alternate grounds. First, the plaintiff failed to offer any evidence of arbitrary, capricious, illegal and invalid spot zoning. Second, the plaintiff may not have standing, has failed to plead a specific legally cognizable interest that has been directly and adversely affected, has failed to join the owners of the annexed tract as parties to this litigation, and has failed to exhaust her administrative remedies before bringing this suit. Since the first grounds are proper and sufficient grounds for ruling on this motion for summary judgment, we need not reach any issues presented by the second grounds. Further, since the facts are not disputed, the only issue for our consideration is whether there was an error of law.

## LAW/ANALYSIS

It is the contention of the landowner here that the zoning of this annexed tract for professional use constitutes "spot zoning." This Court has defined "spot zoning" to be the "process of singling out a small parcel of land for use classification totally different from that of the surrounding area, for the benefit of owners of such property and to detriment of other owners." *Bob Jones University v. City of Greenville*, 243 S.C. 351, 361, 133 S.E. (2d) 843, 848 (1963), dismissed for lack of Fed. Q., 378 U.S. 581, 84 S. Ct. 1913, 12 L. Ed. (2d) 1036 (1964). In *Bob Jones*, this Court also noted that, "it could not be considered as spot zoning where the proposed change is from one use to another and there was already a

considerable amount of property adjoining the property sought to be reclassified falling within the proposed classification." *Id.* at 362, 133 S.E. (2d) at 848. Under this analysis, the zoning under consideration was arguably not spot zoning because the previously unrestricted classification of the county property creates the same kind of preexistence of the proposed classification that occurs when there is adjoining property which already carries the proposed classification. In fact, the zoning in question actually places greater restriction on the tract than existed prior to this zoning. If an extension of a preexisting zone does not constitute spot zoning, then zoning of a previously unrestricted tract is arguably not spot zoning.

However, we need not anchor our decision on the question of whether the City's actions here actually constitute spot zoning. With regard to cases involving spot zoning, courts in other jurisdictions have held that spot zoning ordinances are subject to close judicial scrutiny and that spot zoning ordinances are ordinarily invalid. Annot., 51 ALR (2d) 263, 272 § 4[a] n. 8, n. 9. Nonetheless, almost every case found on the topic at least impliedly supports the proposition that such an enactment is not necessarily invalid, and the validity of such an ordinance is invariably based on the presence or absence of certain additional factors and on the particular circumstances of each case. 51 ALR (2d) 263, 272 § 4[a].

In *Talbot v. Myrtle Beach Board of Adjustment*, 222 S.C. 165, 72 S.E. (2d) 66 (1952), this Court stated with regard to spot zoning:

> [W]here an ordinance establishes a small area within the limits of a zone in which are permitted uses different from or inconsistent with those permitted within the larger, such "spot zoning" is *invalid where the ordinance does not form a part of a comprehensive plan of zoning or is for mere private gain as distinguished from the good of the common welfare. Talbot* at 175, 72 S.E. (2d) at 71. (emphasis added)

However, with respect to judicial review of spot zoning issues, the Court also cautioned in *Talbot* that "Courts cannot become city planners but can only correct injustices when they are clearly shown to result from the municipal action." *Talbot* at

175, 72 S.E. (2d) at 70. Hence, in reviewing spot zoning issues, upon a finding that there was in fact spot zoning, the appropriate analysis is to closely scrutinize the following factors: (1) the adherence of the zoning to the City's comprehensive plan; and (2) promotion of the good of the common welfare but to only correct injustices which are clearly shown.

In the case at bar, the City's land use plan provides that these unincorporated county areas would be preliminarily designated as low density residential areas until the City can make a determination "whether a less restrictive land use would be more desirable and/or feasible." This approach is explained in the plan as being intended to provide the City with "an opportunity to guide growth in the area, and to be sure that adequate infrastructure is available to accommodate the growth and development." Hence, the plan reflects an effort by the City to proceed cautiously in determining where to situate less restrictive zones within these unincorporated areas as they are annexed into the City.

The professional zoning of the tract in question is not only consistent with this plan to integrate less restrictive zones, but also does so in a manner which furthers the public welfare. This tract was previously unzoned and its uses were rather run-down businesses which did not blend with the aesthetics of the surrounding areas. Further, this zoning has allowed medical facilities to be introduced into these areas which is a further improvement. Finally, these changes are supported by the residents of the area whose homes immediately adjoin the tract.

While the landowner here and some other residents of the area do not embrace this choice of zoning, other residents in close proximity applaud this zoning. While the landowner may not agree and may be able to convince this Court not to agree with the City's zoning choice, that is not the issue before us. We cannot insinuate our judgment into a review of the City's decision. Rather, we must leave the City's decision undisturbed if the propriety of that decision is even "fairly debatable." *Rushing v. City of Greenville,* 265 S.C. 285, 288, 217 S.E. (2d) 797, 799 (1975); *Hampton v. Richland County,* 292 S.C. 500, 503, 357 S.E. (2d) 463, 465 (Ct. App. 1987), *cert. denied,* 296 S.C. 72, 370 S.E. (2d) 714 (1988).

Zoning is a legislative act which will not be interfered with by the courts unless there is a clear violation of citizen's constitutional rights. In order to successfully assault a city's zoning decision, a citizen must establish that the decision was arbitrary and unreasonable. *Byrd, et al. v. City of North Augusta*, 261 S.C. 591, 201 S.E. (2d) 744 (1974).

Courts have no prerogative to pass upon the wisdom of the municipality's decision unless such decision is "so unreasonable as to impair or destroy citizen's constitutional rights." *Hampton v. Richland County*, 292 S.C. at 503, 357 S.E. (2d) at 465 (Ct. App. 1987) [quoting *Rush v. City of Greenville*, 246 S.C. 268, 276, 143 S.E. (2d) 527, 531 (1965)]; and the decision should not be overturned by a court so long as the decision is "fairly debatable." *Ibid.* [quoting *Rushing v. City of Greenville*, 265 S.C. at 288, 217 S.E. (2d) at 799 (1975)]. This policy of judicial restraint has been echoed in a recent decision.

We have long recognized the principal that the power to zone is exclusively for the legislature and that zoning decisions will not be interfered with when made in the exercise of the governing body's police power to accomplish the desired end unless there is a plain violation of citizens' constitutional rights. Adv. Sht. Opinion No. 23363 filed March 11, 1991. (citing *Talbot v. Myrtle Beach Board of Adjustment*, 222 S.C. 165, 72 S.E. (2d) 66 (1952).

In this case, we hold that even if the City's ordinance does constitute spot zoning, we cannot invalidate this zoning because its propriety is at the least "fairly debatable" and is not "so unreasonable as to impair or destroy citizen's constitutional rights' so as to allow us to second guess the City's wisdom in passing the ordinance. For these reasons, the judgment of the lower court is

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.