2250

Perry LENARDIS Respondent v. The CITY OF
GREENVILLE, Appellant.

(450 S.E. (2d) 597)

Court of Appeals

*City Atty. Stephen A. Kern* and *Asst. City Atty. Kathleen G. Kempe,* Greenville, *for appellant.*

*Robert C. Wilson, Jr.,* Greenville, *for respondent.*

Heard Sept. 7, 1994.

Decided Oct. 31, 1994; Reh. Den. December 8, 1994.

SHAW, Judge:

This is a rezoning case. Pursuant to an order of reference for final judgment with direct appeal, the master ordered the defendant city to rezone the plaintiff's property from office use to commercial use. We reverse.

Rezoning is a legislative matter. The decision of the legislative body is presumptively valid, and the property owner bears the burden of proving otherwise. See

*Rushing v. City of Greenville*, 265 S.C. 285, 217 S.E. (2d) 797 (1975); *Rush v. City of Greenville*, 246 S.C. 268, 143 S.E. (2d) 527 (1965). The governing bodies of municipalities clothed with authority to determine residential and industrial districts are better qualified by their knowledge of the situation to act upon such matters than are the courts and they will not be interfered with unless there is a plain violation of the constitutional rights of citizens. *Rush*, 143 S.E. (2d) at 531. It is not the prerogative of the court to pass upon the wisdom of the decision. *Rushing*, 217 S.E. (2d) at 799. The controlling inquiry is whether City Council's refusal to change the zoning of the owner's property is so unreasonable as to impair or destroy the owner's constitutional rights. *Rushing*, 217 S.E. (2d) at 799. We cannot insinuate our judgment into a review of the City Council's decision, but must leave that decision undisturbed if the propriety of that decision is even "fairly debatable." *Knowles v. City of Aiken*, 305 S.C. 219, 407 S.E. (2d) 639 (1991). We find that City Council's decision to hold the line on commercial development in the area and protect its residential nature was fairly debatable and was not unreasonable.[1]

The plaintiff argues that his property is no longer useable as residential property due to the surrounding commercial development.[2] We first note that the plaintiff's property is zoned for office use, not simply residential use. Moreover, an adverse economic impact on an individual property owner is not the controlling inquiry in a zoning case, for the interests of the individual are subordinate to the public good. See *Talbot v. Myrtle Beach Board of Adj.*, 222 S.C. 165, 72 S.E. (2d) 66 (1952). Finally, and most importantly, the plaintiff bought the property as a speculative investment with full knowledge of the existing zoning and surrounding commercial development. He may not now complain the City's refusal to rezone the property imposes an unnecessary hardship. *Rush*, 143 S.E. (2d) at 532.

The plaintiff also argues that this case is so similar to *Rushing*, that here, as there, the courts should order the city

---

[1] Having so ruled, we do not reach the city's remaining appellate arguments.
[2] We note that allowing the requested rezoning would simply extend this adverse impact to the residential lots adjoining the owner's property.

to grant rezoning. We find *Rushing* to be readily distinguishable. In *Rushing,* all of the surrounding commercial development had been approved and zoned by the city and the court noted the commercial development was thus sanctioned by the city. Here, most of the commercial development is either in the county, over which the city has no control, a "grandfathered" commercial use that pre-existed the zoning ordinances, or annexed property that was commercial prior to the annexation. In *Rushing,* the residential area was an "island" within an area otherwise zoned and used for intensive commercial purposes, near the main business district. Here, the vast majority of the surrounding property in the city is a residential area far removed from the main business district. In *Rushing,* the subject property was zoned residential only, whereas, here, the property is zoned for office use.

Under the circumstances of this case, we hold the propriety of the City's decision in refusing to rezone the area is at least "fairly debatable" and is not so unreasonable as to impair or destroy respondent's constitutional rights. Accordingly, the order below is

Reversed.

GOOLSBY, J., and HOWARD, Acting Judge, concur.