2365

BEAR ENTERPRISES, a South Carolina General Partnership, Respondent
v. The COUNTY OF GREENVILLE, Greenville County Council, a
Body Politic Composed of Frederick Blackwell, Richard A. Ashmore,
James Patterson, Richard Herdklotz, Robert W. Leach, Paul B. Wicken-
simer, Fletcher N. Smith, Jr., C. Wade Cleveland, Rev. E.D. Dixon, Allen
Lee Johnson, George E. Bomar, and Bob Cook, Appellants.

(459 S.E. (2d) 883)

Court of Appeals

*Judith S. Burk* and *Jeffrey D. Wile, Greenville Attorney's Office,* Greenville, *for appellants.*

*Eric K. Englebardt* and *Anne S. Ellefson, Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondent.*

Heard May 4, 1995.

Decided June 19, 1995; Reh. Den. Aug. 10, 1995.

*Per Curiam:*

In this zoning case, the County of Greenville and its County Council members (County) appeal a circuit court order granting summary judgment to Bear Enterprises (Bear) and instructing the County to grant a request by Bear to rezone its property. We reverse.

Bear Enterprises, a South Carolina General Partnership, owns approximately 23.13 acres of property on U.S. Highway 123 in Greenville County. Bear's property is bordered on the west side by a mobile home park, on the east by a vacant lot, on the south by the Saluda River, and on the north across U.S. Highway 123 by lands zoned for commercial, service and residential uses. Bear's property is presently zoned under the designation of Residential Suburban or R-S, which permits Bear to place a limited number of mobile homes on the property, each limited to a lot size of about 25,000 square feet.

The property sat dormant for about 20 years. In 1992, Bear investigated the possibility of developing the property under the designation of Residential-Mobile Home Park or R-MHP. Under this zoning classification, Bear could place mobile homes on sites of 4,500 square feet. On January 23, 1992, Bear requested the rezoning of its property from the R-S classification to a R-MHP zoning classification. Pursuant to the procedures of the Greenville County Zoning Ordinance, a petition to rezone the property was filed with the county and a study

undertaken by the Greenville County Planning commission. The Planning Commission endorsed Bear's plans.

The matter was brought before a committee of County Council for a public hearing and several residents of a nearby subdivision testified in opposition. Among other things, these individuals expressed to the committee their belief that the requested zoning classification would adversely affect their own property values and also significantly increase the amount of traffic in the area. At a subsequent hearing, the Public Service Zoning Committee voted 2 to 2 on Bear's proposal, thus sending the proposal to the full County Council. That Council voted 9 to 3 against the proposal.[1] Bear then sought judicial review.

The circuit court concluded the County, in exercising its police powers, had to consider issues of pubic health, public safety and public welfare. The court held the record was "devoid" of any evidence that the County considered issues of the public health, public safety and public welfare in rendering its decision on Bear's zoning request. The court further held the evidence presented overcame the presumption that the County's actions were a valid exercise of its police powers and that the County's decision was not "fairly debatable" as a matter of law. Hence, the court concluded, the County acted arbitrarily and unreasonably as a matter of law in rendering its decision on Bear's zoning request such as to impair and destroy Bear's constitutional right to use its property. Consequently, the court found the denial of the requested change was patently unreasonable and should be reversed.

The court ordered the matter remanded to the Council with instructions that Bear's request to change the zoning from R-S to R-MHP be granted "in accordance with the South Car-

---

[1] We note that Bear deposed Council members and presented their testimony as evidence to support Bear's argument that Council's decision was arbitrary. We are aware of no authority allowing someone challenging action by Council to interrogate members individually to impeach Council's decision. The governing body of a municipality acts as a collective body, not as individuals, and decisions made in this fashion are the product of debate and compromise. If individuals are not satisfied with decisions made by members of a municipal government within the limits of the law, their remedy is at the polls, not the courts. Although we feel it was inappropriate to examine Council members in this manner, the County did not object to the procedure in this case.

olina Constitution, the United States Constitution, the laws of the State of South Carolina and the Zoning Ordinance of Greenville County." Relying on *Rushing v. City of Greenville,* 265 S.C. 285, 217 S.E. (2d) 797 (1975), the court denied the County's motion for reconsideration.

On appeal, the County argues the trial court erred in finding the Council's decision to deny Bear's rezoning request amounted to a taking of property in violation of Bear's constitutional rights. We agree.

Rezoning is a legislative matter, and the court has no power to zone property. *Lenardis v. City of Greenville,* 316 S.C. 471, 450 S.E. (2d) 597 (Ct. App. 1994). The decision of the legislative body is presumptively valid, and the property owner has the burden of proving otherwise. *Id.* As explained in *Lenardis,* "the governing bodies of municipalities clothed with authority to determine residential and industrial districts are better qualified by their knowledge of the situation to act upon such matters than are the courts, and they will not be interfered with unless there is a plain violation of the constitutional rights of citizens." *Id.* at 598.

It is not the prerogative of the courts to pass upon the wisdom of County Council's decision; rather, the controlling inquiry is whether County Council's refusal to change the zoning of Bear's property is so unreasonable as to impair or destroy Bear's constitutional rights. *Id.* at 598. If the propriety of the Council's decision is even "fairly debatable," we cannot inject our judgment into a review of their decision, but must leave that decision undisturbed. *Id.* at 598; *see also Rushing v. City of Greenville,* 265 S.C. 285, 217 S.E. (2d) 797 (1975) (the action of a municipality regarding the rezoning of property will not be overturned by a court if the municipality's decision is "fairly debatable" because the municipality's action is presumed to have been validly exercised, and because it is not the court's prerogative to pass upon the wisdom of the municipality's decision). Only where the municipality's action is "so unreasonable as to impair or destroy constitutional rights," *Rush v. City of Greenville,* 246 S.C. 268, 276, 143 S.E. (2d) 527, 531 (1965), will the courts declare the municipality's action unconstitutional. The burden of proving the invalidity of a zoning ordinance is on the party attacking it; thus, it is incumbent upon Bear to show by clear and convincing evidence the arbitrary and capricious nature

of the ordinance. *Town of Scranton v. Willoughby*, 306 S.C. 421, 412 S.E. (2d) 424 (1991).

We find the Council's decision to deny Bear the right to place 211, as opposed to 30 to 35 mobile homes, on its property "fairly debatable." Bear has not demonstrated by clear and convincing evidence that Council acted arbitrarily or capriciously. Moreover, there was no taking, as Bear acknowledges its property still has a beneficial use to which it can be put. A legislative body does not deny due process simply because it does not permit a landowner to make the most beneficial use of its property. *See Hampton v. Richland County*, 292 S.C. 500, 357 S.E. (2d) 463 (Ct. App. 1987) (a property owner is not entitled to have his property zoned for its most profitable use); *Ohoopee Land Dev. Corp. v. Mayor & Council of Wrightsville*, 248 Ga. 96, 281 S.E. (2d) 529 (1981) (a zoning classification is not unconstitutional simply because a developer is deprived of a more profitable use of his property). As this Court stated in *Hampton*:

> A classification of property should be upheld as constitutional, absent evidence that the classification is either unnecessary or confiscatory. *See Golden v. Planning Bd. of Town of Ramapo*, 30 N.Y. (2d) 359, 334 N.Y.S. (2d) 138, 285 N.E. (2d) 291, 63 A.L.R. (3d) 1157 (1972), *appeal dismissed*, 409 U.S. 1003, 93 S.Ct. 436, 34 L.Ed. (2d) 294 (1972) (ordinance limiting the use of property will not be held unconstitutional unless it is shown to be unreasonable in terms of necessity or to have caused such a diminution in value as to be tantamount to confiscation). Here, the owners, as it was their burden to do, offered no evidence that the classification suffered from either constitutional infirmity. *See Bob Jones University v. City of Greenville*, 243 S.C. 351, 133 S.E. (2d) 843 (1963), *appeal dismissed*, 378 U.S. 581, 84 S.Ct. 1913, 12 L.Ed. (2d) 1036 (1964) (burden of proving invalidity of zoning ordinance is on the party attacking it).

292 S.C. at 504, 357 S.E. (2d) at 465.

Moreover, a trial court has no authority to order rezoning. The only power the court has is to review the decision of the legislative authority to determine whether that decision is so arbitrary or capricious as to deny constitutional rights. *See Rush v. City of Greenville, supra.* Of course, if the court finds a violation of constitutional rights, it may invalidate the ordi-

nance. A court may not, however, substitute its judgment for that of the local zoning authority.

For the reasons stated the judgment is

Reversed.

SHAW, CURETON and CONNOR, JJ., concur.