**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Morningstar Fellowship Church, Appellant/Respondent,

v.

York County, South Carolina, Respondent/Appellant.

Appellate Case No. 2015-002460

Appeal From York County
S. Jackson Kimball, III, Circuit Court Judge
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2018-UP-250
Submitted March 1, 2018 – Filed June 13, 2018

**AFFIRMED**

Richard B. Fennell, of James, McElroy & Diehl, P.A., and Donald M. Brown, Jr., of Brown & Associates, PLLC, both of Charlotte, North Carolina, for Appellant/Respondent.

W. Keith Martens, of Hamilton Martens, LLC, of Rock Hill; and Michael K. Kendree, Sr., of York County Government, of York, for Respondent/Appellant.

**PER CURIAM:**  In this civil matter, Morningstar Fellowship Church (Morningstar) appeals the circuit court's orders granting partial summary judgment to York County, York County's motion to exclude damages and motion in limine, and York County's motion for entry of judgment on Morningstar's breach of contract claim.  Morningstar argues the circuit court erred by (1) limiting Morningstar's presentation of its breach of contract claim at trial in the court's order granting partial summary judgment, (2) excluding evidence of Morningstar's damages and evidence of York County's breach of contract, and (3) entering judgment on Morningstar's breach of contract claim.  On cross-appeal, York County argues the circuit court erred by denying full summary judgment to York County because (1) sufficiency of the notice given to Morningstar was a question of law and (2) Morningstar had actual notice of approval of the commercial site plan.  We affirm.

1.  First, we find it was within the purview of the circuit court to limit the issues in the order granting partial summary judgment to York County, which also denied York County's motion for summary judgment on Morningstar's breach of contract claim, when the facts regarding breach of contract required further clarification. "Summary judgment is not appropriate whe[n] further inquiry into the facts of the case is desirable to clarify the application of the law." *Baril v. Aiken Reg'l Med. Ctrs.*, 352 S.C. 271, 280, 573 S.E.2d 830, 835 (Ct. App. 2002); *see also* Rule 56(c), SCRCP (providing the circuit court may grant summary judgment only when the evidence shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").  Although the circuit court is not required to make findings of fact and conclusions of law on decisions of motions under Rule 56, SCRCP, "it is better practice—and in most cases common practice—as well as beneficial to the judicial process for a [circuit court] to articulate relevant findings and conclusions of law in an order granting summary judgment." *Woodson v. DLI Props., LLC*, 406 S.C. 517, 527, 753 S.E.2d 428, 433 (2014).

2.  Next, we find the circuit court did not abuse its discretion in granting York County's motion to exclude evidence and motion in limine. *See Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005) ("The admission of evidence is within the sound discretion of the [circuit court], and absent a clear abuse of discretion amounting to an error of law, the [circuit] court's ruling will not be disturbed on appeal."); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); *Vortex Sports & Entm't, Inc. v. Ware*, 378 S.C. 197, 209, 662 S.E.2d

444, 451 (Ct. App. 2008) (finding the circuit court did not abuse its discretion in admitting a party's alleged damages of lost revenue).

Specifically, Morningstar argues the circuit court erred in excluding the following damages it suffered as the result of York County's declaration of default on the agreement with Morningstar concerning Heritage Tower: (1) $11,889,719 for the loss of value of Heritage Tower; (2) $819,460.89 for the cost of engineering, marketing, architectural, legal, and development of Heritage Tower; and (3) $7,187,421 for the lost income from reservation holders at Heritage Tower over the next five years. "In a breach of contract action, damages serve to place the nonbreaching party in the position he would have enjoyed had the contract been performed." *S.C. Fed. Sav. Bank v. Thornton-Crosby Dev. Co.*, 303 S.C. 74, 77, 399 S.E.2d 8, 10 (Ct. App. 1990). "[D]amages recoverable for breach of contract must either flow as a natural consequence of the breach or must have been reasonably within the parties' contemplation at the time of the contract." *Hawkins v. Greenwood Dev. Corp.*, 328 S.C. 585, 595, 493 S.E.2d 875, 880 (Ct. App. 1997). While a party need not prove the amount of damages with mathematical certainty, the evidence should be such as to enable the court to determine the amount of damages with reasonable certainty or accuracy. *Gray v. S. Facilities, Inc.*, 256 S.C. 558, 570–71, 183 S.E.2d 438, 444 (1971). Moreover, for a plaintiff to recover lost profits, he must prove (1) it is reasonably certain that such profits would have been realized except for the defendant's conduct and (2) such lost profits can be ascertained and measured from the evidence with reasonable certainty. *Vortex Sports*, 378 S.C. at 208, 662 S.E.2d at 450.

We find the evidence supports the circuit court's determination that the value of Heritage Tower was not based on reasonable certainty, including the testimony of Morningstar's president providing he did not know the amount it would cost to complete construction of the building. Additionally, we find the evidence supports the circuit court's finding that Morningstar based its calculation of damages on conjecture and speculation because Morningstar failed to establish with reasonable certainty the engineering, marketing, architectural, legal, or developmental costs it would incur due to York County's noncompliance with the Heritage Tower agreement. *See Gray*, 256 S.C. at 570–71, 183 S.E.2d at 444 ("Neither the existence, causation[,] nor amount of damages can be left to conjecture, guess[,] or speculation."). Further, we find the lack of evidence supports the circuit court's ruling that Morningstar was not entitled to lost profits because Morningstar could not present any evidence showing a reservation holder at Heritage Tower withdrew his or her reservation due to York County's declaration of default or showing the cost to complete construction of Heritage Tower. *See Drews Co. v. Ledwith-Wolfe*

*Assocs.*, 296 S.C. 207, 214, 371 S.E.2d 532, 536 (1988) (finding a new business owner's expectations, unsupported by any particular standard or fixed method for establishing net profits, was wholly insufficient to provide the jury with a basis for calculating lost profits with reasonable certainty). Therefore, we find the circuit court did not abuse its discretion in excluding Morningstar's alleged damages.

Additionally, we find the circuit court did not err in granting York County's motion in limine as to evidence of settlement discussions and mediation and the subjective views of a York County councilman.[1] The circuit court properly excluded evidence of settlement discussions and mediation because parties to a mediation may not rely on, or introduce as evidence in a judicial proceeding, any communications having occurred during a mediation settlement conference. *See* Rule 8(a), SCADR. Moreover, "[t]he governing body of a municipality acts as a collective body, not as individuals, and decisions made in this fashion are the product of debate and compromise." *Bear Enters. v. Cty. of Greenville*, 319 S.C. 137, 139 n.1, 459 S.E.2d 883, 885 n.1 (Ct. App. 1995). As a result, the personal motivations of a York County councilman in voting to hold Morningstar in default are not relevant to whether York County breached the agreement, and any alleged bias by the councilman cannot be imputed to York County. *See Greenville Cty. v. Kenwood Enters.*, 353 S.C. 157, 174–75, 577 S.E.2d 428, 437 (2003) (holding county council members' motivations for passing a county ordinance restricting the location of sexually oriented businesses were not relevant to whether the ordinance was lawful), *overruled on other grounds by Byrd v. City of Hartsville*, 365 S.C. 650, 620 S.E.2d 76 (2005). Accordingly, we find the circuit court did not abuse its discretion in excluding evidence of York County's alleged breach of contract.

3. Last, because Morningstar could not provide evidence of damages, we find the circuit court did not err in entering judgment for York County on Morningstar's breach of contract claim. "The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009). Without the damages element, Morningstar could not state a claim for breach of contract, and thus, we find the circuit court's entry of judgment on breach of

---

[1] Additionally, we find the circuit court's exclusion of a petition to York County Council became the law of the case because Morningstar did not address it either in the final appellant brief or in the reply brief. *See Rumpf v. Massachusetts Mut. Life Ins. Co.*, 357 S.C. 386, 398, 593 S.E.2d 183, 189 (Ct. App. 2004) ("Any unappealed portion of the [circuit] court's judgment is the law of the case, and must therefore be affirmed.").

contract was appropriate. *See Collins Entm't, Inc. v. White*, 363 S.C. 546, 560, 611 S.E.2d 262, 269 (Ct. App. 2005) (finding the circuit court properly granted a directed verdict motion for breach of contract because any calculation of damages by the jury would have been pure speculation).

Based on the foregoing, the circuit court's orders granting partial summary judgment to York County, York County's motion to exclude damages and motion in limine, and York County's motion for entry of judgment on Morningstar's breach of contract claim are[2]

**AFFIRMED.**[3]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[2] We decline to review York County's arguments on appeal regarding the circuit court's denial of full summary judgment. The denial of a motion for summary judgment is not appealable even after final judgment. *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.