**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Todd Olds, Appellant,

v.

Berkeley County and Berkeley County Planning Commission, Respondents.

Appellate Case No. 2020-001118

---

Appeal From Berkeley County
M. Dawes Cooke, Jr., Special Referee

---

Unpublished Opinion No. 2022-UP-402
Submitted October 1, 2022 – Filed November 9, 2022

---

**AFFIRMED**

---

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of Charleston, for Appellant.

John Samuel West, of West Law Firm, LLC, of Moncks Corner, for Respondents.

---

**PER CURIAM:** In this zoning case, Todd Olds appeals a special referee's order, arguing the special referee erred by finding the Berkeley County Council's denial of Olds's rezoning application was not arbitrary and capricious. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *See Bear Enters.*

*v. Cnty. of Greenville*, 319 S.C. 137, 140, 459 S.E.2d 883, 885 (Ct. App. 1995) ("Rezoning is a legislative matter, and [an appellate] court has no power to zone property."); *id.* ("The decision of the legislative body is presumptively valid, and the property owner has the burden of proving otherwise."); *Knowles v. City of Aiken*, 305 S.C. 219, 224, 407 S.E.2d 639, 642 (1991) ("Zoning is a legislative act which will not be interfered with by the courts unless there is a clear violation of citizen's constitutional rights."); *id.* ("In order to successfully assault a . . . zoning decision, a citizen must establish that the decision was arbitrary and unreasonable."); *id.* (stating a zoning decision "should not be overturned by a court so long as the decision is 'fairly debatable'"); *Bear*, 319 S.C. at 140, 459 S.E.2d at 885 (finding a county council's decision to deny a property owner's rezoning application was "fairly debatable" and not "so unreasonable as to impair or destroy [the property owner]'s constitutional rights," even though the only opposition to rezoning were the neighbors' unsupported complaints about increased traffic and decreased property values).

We also hold the special referee did not err by finding the County Council was not required to approve Olds's rezoning application simply because his request complied with the comprehensive plan. Olds conceded at the hearing before the special referee that despite the existence of the comprehensive plan, the County Council "still ha[d] the discretion not to rezone [his] property."

Additionally, we hold Olds's argument that the Comprehensive Plan is the relevant "legislative act" that should "not be interfered with by the courts" is not properly before this court because Olds raised it for the first time in his reply brief. *See McClurg v. Deaton*, 395 S.C. 85, 87 n.2, 716 S.E.2d 887, 888 n.2 (2011) ("It is axiomatic that an issue cannot be raised for the first time in a reply brief.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ. concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.