21326

Robert C. CUDD, Petitioner-Respondent, v. Rebecca J. Cudd ARLINE, Respondent-Appellant. In re Rebecca J. CUDD, Plaintiff, v. Robert C. CUDD, Defendant.

(272 S. E. (2d) 173)

*Archibald W. Black,* of *Long, Black & Gaston,* Greenville, *for respondent-appellant.*

*Perry Swafford,* Spartanburg, *for petitioner-respondent.* November 12, 1980.

*Per Curiam:*

The parties were divorced on March 14, 1974, with custody of their two minor children granted to appellant. The decree also directed respondent to pay $30.00 per week child support and to pay $18.00 per month health insurance premiums for the children.

Respondent initiated the instant action by petition dated October 23, 1978. In that peition, he sough a transfer of custody of the two minor children to him. In the alternative, he asked that the court establish a definite plan for transportation and visitation with the minor children who had moved to Houston, Texas with appellant.

Appellant filed an answer and counterclaim denying the relief asked for by petitioner and seeking (1) that respondent make all support payments through the machinery of

the family court; (2) an increase in child support; (3) payment of medical and dental bills incurred and to be incurred by the children; (4) that respondent be ordered to pay insurance premiums by their due dates; (5) that appellant be awarded attorney's fees; and that respondent be required to pay for the transportation for the minor children from appellant's home in Texas to his home in South Carolina.

By order dated February 8, 1979 Judge McChesney ordered (1) that custody of minor children remain with appellant; (2) that child support payments not be increased; (3) that respondent pay $18.00 per month in lieu of all insurance, medical, dental, or orthodontic expenses incurred on behalf of the minor children; and (4) that respondent have visitation with the minor children three weeks each summer and one week at Christmas; (5) that respondent pay $150.00 attorney's fees for wife; and (6) "that the respondent recover no other costs or expenses."

This Court's review of the appeal is virtually impossible, because the order contains only conclusions; there are no findings of fact, in violation of Family Court Rule 27(3). Where the record is insufficient to permit review by the Court, this Court has remanded for modification of the order to comply with Family Court Rule 27. *Jones v. Jones,* 270 S. C. 280, 241 S. E. (2d) 904 (1978); *In the Interest of Meyers,* 273 S. C. 180, 255 S. E. (2d) 450 (1979).

Therefore, we remand to the Family Court for compliance with Rule 27.

Remanded.