21713

GEORGETOWN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v. Olen Mitchell PHIPPS, Jr., Olen Phipps, Elvis Phipps and Sherrell Whitnauer Phipps, Respondents, of whom Olen Mitchell Phipps, Jr., Olen Phipps and Elvis Phipps are Respondents, and Sherrell Whitnauer Phipps is the Appellant.

(292 S. E. (2d) 184)

*Terry Ann Rickson*, Atlanta, Ga., *for appellant.*

*Asst. Atty. Gen. Eugene W. Yates, III*, Columbia, and *W. Sherwyn Jacobs* and *Jack M. Scoville, Jr.*, Georgetown, *for respondents.*

May 26, 1982.

GREGORY, Justice:

This is an action for child custody. Respondent Georgetown County Department of Social Services (DSS) sought custody of the two minor children of appellant Sherrell Whitnauer

Phipps and respondent Mitchell Phipps. The trial judge granted custody of the two minor children to respondents Olen and Elvis Phipps, the paternal grandparents. We remand.

Appellant was granted a divorce on the ground of physical cruelty from respondent Mitchell Phipps on October 19, 1977. Mitchell was granted custody of their two children conditioned upon their staying with their grandparents. Appellant returned to live with Mitchell in December 1977, and respondents Olen and Elvis Phipps returned the children to appellant and respondent Mitchell Phipps. In the summer of 1979, DSS brought this action for custody of the two children. At the hearing, DSS withdrew its request for custody and sought supervision of the children. This request was not granted. DSS did not appeal from the order and has no further interest in the proceedings.

Rule 27(3) of the Rules of Practice for the Family Court provides: "The order . . . shall set forth the salient facts upon which the order is granted, the conclusions of law, and such other data relating to the decision as the court may deem desirable? . . . ." The order below is completely devoid of findings of fact and conclusions of law upon which it was granted. Where the record is insufficient to permit review by the court, this Court has remanded for modification of the order to comply with Rule 27(3). *Cudd v. Arline*, 275 S. C. 415, 272 S. E. (2d) 173 (1980); *In the Interest of Meyers*, 273 S. C. 180, 255 S. E. (2d) 450 (1979); *Jones v. Jones*, 270 S. C. 280, 241 S. E. (2d) 904 (1978).

Where, as here, counsel concede the order does not begin to comply with Rule 27(3) and cannot be reviewed by this Court, they have a joint duty to timely request that the trial judge issue an order which does comply with the rule and is permissible of review. They do not have to sit by awaiting remand after appeal.

We are concerned that the best interests of the children cannot be determined because considerable time has elapsed since custody was granted and the record has become stale. Therefore, we remand to the Family Court for a trial de novo with full right to the remaining parties to submit evidence and be heard on the custody issue.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.