0032

Steven R. COOK, Respondent, v. Lynne L. COOK, Appellant.

(311 S. E. (2d) 90)

Court of Appeals

*Richard H. Rhodes* of *Burts, Turner, Hammett, Harrison & Rhodes,* Spartanburg, *for appellant.*

*Marshall T. Walsh* of *Gaines & Walsh,* Spartanburg, *for respondent.*

Jan. 3, 1984.

SANDERS, Chief Judge:

In this child custody action brought by the father, Steven R. Cook, the Family Court ordered custody of the parties' minor child changed from the mother, Lynne L. Cook. The mother appeals. We remand for a trial de novo.

The mother and father separated in 1978 and the mother took custody of their minor child. Subsequently, by a formal agreement, the parties determined that the mother should have custody. In 1979, a separate maintenance order of the Family Court incorporated that agreement. Later that year the parties were divorced by decree which also adopted the separation agreement by reference, but made no further specific mention of custody of the child. Prior to the divorce the mother agreed to let the child live with the father, but the parties dispute whether this agreement was permanent or temporary in nature.

In 1980, the mother attempted to regain custody. The father refused and instituted this action. In 1981, the trial judge issued an order changing custody from the mother to the father, holding in part:

> The [mother] has failed to show a change of conditions substantially affecting the interests and welfare of [the child] which would justify a change of custody at this time.

The trial judge erred in so holding. The parties had agreed the

mother should have custody. Ordinarily, courts give effect to such agreements. *Davenport v. Davenport,* 265 S. C. 524, 220 S. E. (2d) 228 (1975). In addition, it was the mother, not the father, who had been granted custody by the court orders which incorporated their agreement. The father brought this action seeking a change in the most recent order and it was he, not the mother, who had the burden of establishing a material change of circumstances substantially affecting the welfare of the child. *Garvin v. Garvin,* 275 S. C. 379, 271 S. E. (2d) 413 (1980). He was also required to show that the best interest of the child would be served by changing custody. *Powell v. Powell,* 256 S. C. 111, 181 S. E. (2d) 13 (1971).

Furthermore, Rule 27(C) of the Rules of Practice for the Family Court provides: "The order ... shall set forth the salient facts upon which the order is granted, the conclusions of law, and such other data relating to the decision as the court may deem desirable." The order here is completely devoid of findings of fact and conclusions of law upon which it was granted. Where, as here, the record is insufficient to permit review, this court may remand. *Georgetown County Department of Social Services v. Phipps, et al.,* 278 S. C. 64, 292 S. E. (2d) 184 (1982); *Cudd v. Arline,* 275 S. C. 415, 272 S. E. (2d) 173 (1980).

Finally, we are concerned about the long period of time which has elapsed since this matter involving custody of a child of tender years was before the Family Court. The child here was born on January 13, 1976. She was three years old when her custody was granted to the mother by the divorce decree. At the time this matter was last heard, she was almost four years old. She is now seven years old and has been living with the father for the past four years. We do not believe the child's best interest can be determined due to the considerable amount of time which has elapsed since custody was granted to the mother. The record before us has become "stale." *See Phipps.*

For these reasons, this case is remanded to the Family Court for a trial de novo, with full right to both the mother and father to submit evidence and be heard on the custody issue.

Accordingly, this case is

Remanded.

GARDNER and BELL, JJ., concur.