1571

Vickie Steerman DORN and Marion Douglas Dorn, Jr., Appellants v. Michael CRIDDLE, father, and Michael Mixon Criddle, a minor under the age of fourteen (14) years, Respondents.

(410 S.E. (2d) 590)

Court of Appeals

*Robert L. Papa*, of *Papa, Ungaro & Falkiewicz*, Charleston, *for appellants*.

*Lon H. Shull, III*, of *Andrews & Shull*, Mt. Pleasant, and *John H. Price*, North Charleston, *for respondents*.

*Thomas M. White*, of *Steinburg, Spitz, Goldberg, Pearlman, Holmes & White*, Goose Creek, *guardian ad litem*.

Heard Sept. 9, 1991.

Decided Oct. 14, 1991.

GARDNER, Judge:

Vickie Dorn (the mother) and Marion Dorn (the mother's present husband) brought this action against Michael Criddle

(the father) and Michael Mixon Criddle (Michael), the minor involved. The complaint sought, *inter alia*, the termination of the father's parental rights. The trial judge by the appealed order denied termination of parental rights (TPR). We reverse in part and remand for a trial *de novo*.

## ISSUE

The sole issue of merit is whether the trial judge erred in failing to find that the best interest of Michael required that the parental rights of the father be terminated pursuant to S.C. Code Ann. Section 20-7-1572(4) (1976).[1]

## FACTS

The mother and father were married on November 14, 1981. On May 20, 1986, a decree of divorce was granted to the mother on the grounds of habitual drunkenness and drug use. A prior order of the court required the father to pay $39.00 per week child support through the Clerk of Court.

The father's history of child support payments is of record. The record reflects, and the father admits, that his child support payments have been sporadic. The record also establishes that the father has abused alcohol and drugs since his senior year in high school. He acknowledges several binges including an eleven-month binge beginning in September 1986. In September 1987, the father was confined to a jail in Charlotte and for this reason withdrew temporarily from the use of drugs and alcohol. It was shortly after this time that this TPR action was instituted by the filing of the summons and complaint on September 25, 1987.

The father contends that his alcohol and drug abuse prevented him from formulating the willful state of mind required by the Termination of Parental Rights Statute. The Family Court judge held that the father's abuse of alcohol and drugs was triggered in part by the mother's misconduct.

---

[1] The pertinent part of S.C. Code Ann. Section 20-7-1572(4) (1976) reads as follows:

(4) The child has lived outside the home of either parent for a period of six months, and during that time the parent has *wilfully* failed to support the child. Failure to support means that the parent has failed to make a material contribution to the child's care when contribution has been requested by the custodian of the child.... (Emphasis added.)

The family court's order makes no mention of the Guardian ad Litem's (GAL) report. The GAL clearly recommended that the father's parental rights be terminated. The GAL based his recommendation on the following findings. Approximately eleven months passed in 1986 and 1987 without any effort by the father to see his son. He did not request visitation with the child until he was aware that there was a termination action pending. The father made no child support payments for a period of more than six months. The father excuses this failure by explaining he was on a drinking binge. We find that the record supports the Guardian ad Litem's findings and recommendations.

## DISCUSSION

We hold that the trial judge abused his discretion and erred in holding (1) the mother's antagonistic attitude and failure to allow the father visitation triggered his depression and abuse of alcohol and drugs, and (2) the father's failure to pay child support for approximately 19 months was not willful because of his drug and alcohol abuse. This rationalization is untenable.

We find no authority for the proposition that the failure to pay child support is excused by either non-psychotic depression or abuse of alcohol and drugs. Neither the Family Court judge in the appealed order nor the father cites any authority for this proposition.

The psychologist employed by the father's family testified that the father's abusive drinking was the result of depression stemming from his own father's death. He also testified that the father's substance abuse was exacerbated by the mother's alleged threat in September 1986, to have the father arrested. We doubt the mother's conduct had anything to do with the father's abuse of alcohol and drugs, which had existed for nine years prior to the wife's alleged threat. There is no evidence of record that the father has overcome his alcohol and drug problems.

This Court refuses to recognize a *per se* rule that the abuse of drugs and alcohol negates willfulness in TPR cases. We recognize that the death of a parent saddens and depresses an ordinary person. We hold, however, that adjusting to this normal event of life by abusing alcohol and drugs cannot be accepted as a legal excuse. At best the hold-

ing of the family court by the appealed order suggests that it is acceptable to cope with the vicissitudes of life by alcohol and drug abuse. We reject this thesis as being untenable and hold that the trial judge by the appealed order erred in so ruling.

The case of *Richberg v. Dawson*, 278 S.C. 356, 296 S.E. (2d) 338 (1982) is of interest. There the family court excused a mother's failure to demonstrate any direct parental concern for her children because of her alleged mental stress from army discipline and loneliness. The Supreme Court held, to the contrary, that the mother knew how to contact the children, but without justification or excuse failed to do so. The court further held that the non-support was willful despite the alleged mental stress and for this reason reversed the order of the trial judge refusing to terminate parental rights.

Just as the Supreme Court in *Richberg* held that stress does not negate willfulness in TPR cases, we now hold that abuse of alcohol and drugs does not. The father's substance abuses may explain his failures as a parent, but they do not excuse them.

We, however, recognize that more than three years have elapsed since the trial court issued the appealed order partly because the original appeal was delayed for numerous reasons and partly because this Court granted a rehearing of a previously published decision in this case.

We accordingly remand this case to the trial court for a trial *de novo*. *See Cook v. Cook*, 280 S.C. 91, 93, 311 S.E. (2d) 90, 91 (Ct. App. 1984) (where this Court remanded a child custody case for a trial *de novo* because, among other reasons, "the record had become stale." *Georgetown County Dept. of Social Services v. Phipps*, 278 S.C. 64, 292 S.E. (2d) 184 (1982) (where the Supreme Court remanded a custody case for a trial *de novo* because considerable time had passed since the decision awarding custody had been made and the record had become stale).

Termination of parental rights cases cause great concern on the part of this Court and, we are confident, on the part of trial judges. The primary concern in TPR cases is the welfare of the child. Moreover, we are aware that it is within the trial court's discretion under Section 20-7-1572 to refuse to terminate a parent's parental rights despite failure to visit the child and/or failure to support the child for a period of six months.

We hope that the administrative family court judge in charge of this case will expedite the hearing of this matter. This Court, if the case should be presented again to us on appeal, will expedite the disposition of the appeal.

For the above reasons, the appealed order is reversed in part and the case is remanded for a trial *de novo*.

Reversed in part and remanded.

SANDERS, C.J., and GOOLSBY, J., concur.

