532 S.E.2d 885

**Millicent MASSEY, Respondent,**

v.

**The CITY OF GREENVILLE BOARD OF ZONING ADJUSTMENTS and The City of Greenville, Appellant.**

No. 3184.

Court of Appeals of South Carolina.

Heard May 9, 2000.

Decided June 12, 2000.

Assistant City Attorney Debra J. Gammons, of Greenville, for appellant.

Susan B. Covington, of Greenville, for respondent.

PER CURIAM:

The City of Greenville Board of Zoning Adjustments and the City of Greenville appeal the circuit court's grant of Millicent Massey's applications for uses permitted upon review. We reverse and remand.

## *FACTS*

Massey owns four contiguous lots on Augusta Street, across from the intersection with Grove Road. One of the lots Massey owns is vacant. The other three have houses on them. The lots are in an area zoned RM–2, for multi-family residential use. The City's zoning ordinance permits the Board to authorize professional offices in a RM–2 area after public notice and hearing, and subject to appropriate conditions and safeguards. This exception is termed a "use permitted upon review" or "use on review."

On June 30, 1998, Massey applied for a use on review of her property at 1401 Augusta Street. In the application, she stated the proposed use was a law office. A public hearing was held on the application on July 23, 1998. The Board tabled the matter until August 27, 1998. Massey subsequently filed an application for a use on review for 1311 Augusta Street, which adjoins 1401 Augusta Street. She stated the proposed use for the adjoining lot was a professional office. The Board considered the two applications at the August hearing.

At the end of the August hearing, the Board voted to deny Massey's applications. On September 2, 1998, Bryan Wood, the zoning administrator, sent Massey a letter notifying her of the Board's denial of her applications. Massey appealed the Board's decision to the circuit court. In its return to the circuit court, the Board included a document entitled "Findings of Fact and Conclusions by the Greenville Board of Zoning Adjustments." The document was dated October 9, 1998 and signed by the Board's chairperson.

At the hearing, the trial court allowed Massey, over the City's objection, to present the additional testimony of several witnesses who had not testified before the Board. In response, the City called its zoning administrator as a witness.

Although the circuit court considered the October document, it relied on the conclusions set forth in the September 2, 1998 letter, finding the October document did not constitute the decision of the Board. The circuit court held the Board acted arbitrarily and unreasonably in denying Massey's applications. Accordingly, it reversed the Board's denial of the applications. This appeal followed.

### LAW/ANALYSIS

■ A reviewing court should not disturb the findings of a zoning board of adjustment unless the board has acted arbitrarily or in an obvious abuse of discretion, or unless the board has acted illegally or in excess of its lawfully delegated authority. *Bannum v. City of Columbia,* 335 S.C. 202, 516 S.E.2d 439 (1999); *Hartman v. City of Columbia,* 268 S.C. 44, 232 S.E.2d 15 (1977).

*Admission of Additional Testimony Before Circuit Court*

■ The City argues the circuit court erred in allowing Massey to present testimony on appeal that was not presented at the Board's hearings. We agree.

The transcript of the Board hearing is clearly inadequate for review. The transcriber noted many portions of the hearing were inaudible. In many places, the transcript does not identify who is speaking, using "Man" and "Woman" to designate the speakers. However, the City argues, "The correct response under Section 6–29–840 is a remand to the Board for a rehearing." Instead of reversing and remanding, the circuit court allowed Massey to supplement the record with additional testimony pursuant to S.C.Code Ann. § 5–23–160 (1976).

The propriety of the court's allowing additional testimony hinges upon whether Title 5 or Title 6 is applicable to this case. Section 5–23–160 provides, "If, upon the hearing, it shall appear to the [reviewing] court that testimony is necessary for the proper disposition of the matter, it may take evidence . . . which shall constitute a part of the proceedings upon which the determination of the court shall be made." In 1994, the General Assembly greatly revised the zoning statutes for local governments with the South Carolina Local Government Comprehensive Planning Enabling Act.1994 Act No. 355, as amended by 1999 Act No. 15, effective April 1, 1999. "Municipal governments could follow either set of the former provisions until their repeal . . . and they could implement the 1994 Act at any time." *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 at n. 3 (2000). The replacement statute, section 6–29–840 (Supp.1999), states, "The findings of fact by the board of appeals shall be treated

in the same manner as a finding of fact by a jury, and the court may not take additional evidence."

Although Massey contends the circuit court properly heard additional testimony pursuant to S.C.Code Ann. § 5–23–160, Massey elected to proceed under Title 6. In Massey's petition on appeal to the circuit court, she stated that the applicable standard of review was found in S.C.Code Ann. §§ 6–7–780 & 6–29–840 (Supp.1999). The City stated in its return that Title 6 governed the appeal. In Massey's Memorandum in Opposition to the City's Return of Appeal, she "agree[d] ... that *the statute governing this appeal* and the standard of review to be applied is set forth in S.C.Code Ann. Section 6–29–840 ...." (emphasis added). In the circuit court's order, it found "the parties agree that this appeal is governed by S.C.Code Ann. § 6–29–840...." Because Massey elected to proceed under section 6–29–840, the circuit court's consideration of additional testimony under section 5–23–160 was error.[1]

Furthermore, even if Massey had elected to proceed under Title 5, the evidence before the circuit court exceeded the scope allowed by the statute. Section 5–23–160 "does not authorize a trial de novo; rather, it gives the reviewing court the authority to supplement the record to make an intelligent review of the actions of the board." *Fontaine v. Peitz*, 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987).

The circuit court allowed Massey to present testimony by a licensed real estate broker and real estate appraiser, a police officer, and Massey's estate planning attorney. None of these witnesses testified at the Board hearings. Although the police officer submitted a written memorandum, which was considered by the Board and contained the substance of his testimony before the circuit court, the other two witnesses presented evidence which was not before the Board when it reached its decision.

The testimony of Frank Dietz, the licensed real estate broker and appraiser who did not testify at the Board's hearing, is especially troublesome. Dietz's testimony included his extensive educational and experiential background. He

---

1. Inasmuch as § 6–29–840 and § 5–23–160 conflict, Massey cannot elect to proceed in a hybrid fashion under both titles.

opined that there was no reason to distinguish Massey's property from other properties which had been granted uses on review. He also testified that neither residential property values nor traffic would be affected if the requested use on review was granted. Furthermore, Dietz testified that Massey's property would be better used and more desirable as a business than a residence. None of this information was presented by anyone with Dietz's qualifications at the Board hearings. Dietz's testimony did not provide the circuit court with the information necessary for an intelligent review of the Board's actions. The testimony offered new information which was not considered by the Board, but was used as the basis for reversing the Board.

Because the circuit court impermissibly supplemented the record and the transcript of the Board hearing is insufficient for review, we reverse and remand the matter to the Board for rehearing.

*Board's Final Order*

█ The City also argues the circuit court erred in rejecting the October document's "Findings of Fact and Conclusions." As an initial matter, we note the circuit court did not reject the Findings of Fact and Conclusions. The circuit court considered the October document, but held it did not constitute the Board's final decision. We agree with the circuit court's determination that the October document was not the Board's final decision.

The Board denied Massey's application for a use permitted upon review at its August 27, 1998 Board Hearing. Bryan Wood, the zoning administrator, mailed Massey a letter explaining the Board's decision. Relying upon this letter, Massey filed her notice of appeal on September 25, 1998. After Wood mailed Massey the letter, Wood listened to the audio tapes of the hearing and prepared a document entitled, "Findings of Fact and Conclusions." This document was signed by the Board's chairperson after being reviewed by the chairperson and another Board member. The remaining Board members never reviewed the document. The "Findings of Fact and Conclusions" document is dated October 9, 1998.

The trial court refused to use the "Findings of Fact and Conclusions" as the Boards's decision because (1) "there [was]

no evidence or other indication that the members of the Board who voted against Massey's application considered or assented to the October document," and (2) the document, "drafted one and a half months after the August hearing, is materially different from the decision set forth in the July and August transcripts." Instead, it considered the letter Wood mailed Massey as the Board's final decision.

"All final decisions . . . of the board [of zoning appeals] shall be in writing and be permanently filed in the office of the board as a proper record." S.C.Code Ann. § 6–7–740 (Supp. 1999). The final decision must contain separately stated "findings of fact and conclusions of law. . . ." *Id.*

Although the conclusions set forth in the letter which was mailed to Massey are similar to the conclusions in the October document, the letter to Massey did not contain separately stated findings of fact and conclusions of law. Because the letter to Massey did not satisfy the statutory requirements, the trial court erred in holding the letter constituted the Board's final decision. *See* S.C.Code Ann. § 6–7–740.[2]

■ Although the letter to Massey did not meet the statute's requirement for a final decision, the October "Findings of Facts and Conclusions" also cannot constitute the Board's final action, having been shown to only two of the five Board members.

Generally, an administrative agency, board, or commission should act as a body, and, in the absence of a statutory exception, can act officially only in or at a lawfully convened session, if the act is one requiring deliberation or the exercise of discretion or judgment. Except where authorized by statute, the powers and duties of an administrative body may not be exercised by the individual members separately.

73 C.J.S. *Public Administrative Law and Practice* § 16 at 384–385 (1983). "In order to be the action of the board, the action must be that of the board as such and not merely the action of the individual members thereof. . . ." 101A C.J.S. *Zoning & Land Planning* § 189 at 560 (1979). *See also* 73A

---

2. Moreover, because of the insufficient transcript of the Board hearing, we are unable to verify that the Board reached the conclusions set forth in Wood's letter.

C.J.S. *Public Administrative Law and Practice* § 138 at 83 (1983) ("Where the legislature gives quasi-judicial powers to an administrative agency or officer, only the agency or person granted the authority may exercise it, and it has been held that a ... decision by a person not authorized, notwithstanding approval by an administrative agency or officer, is without legal force and effect."); 56 Am.Jur.2d § 155 *Municipal Corporations* § 155 (1971) ("[T]he powers of a municipal council or body must be exercised at a meeting which is legally called. Action of all the members of the council separately is not the action of the council, and an agreement entered into separately by the members of the council outside a regular meeting is not binding.").

Additionally, it would be fundamentally unfair to allow a document promulgated by the Board after Massey appealed to serve as the final decision. Because the "Findings of Fact and Conclusions" document was not the Board's action and was promulgated after Massey filed her notice of appeal, the circuit court correctly held the document did not constitute the Board's final decision.

█ The only record of the Board's action is the transcript of the July and August hearings. The City argues that the vote on the record was the Board's final decision. However, the Board's decision recorded in the transcript cannot satisfy the legal requirements for a final decision. Section 6–7–740 requires that the Board's final decision be "in writing" with separate findings of fact and conclusions of law. Even if the transcript is considered a "writing," it is virtually indecipherable and does not contain separate findings of fact and legal conclusions. Therefore, the transcript does not meet the statutory requirements of a final decision.

Because there has been no final Board decision in accordance with section 6–29–840, as is mandated for further judicial review, we remand the case to the Board. Written findings of fact and conclusions of law should be promulgated and either signed by the Board or ratified on the record by the Board before written notice of the Board's decision is given to the applicant. Such a procedure will avoid confusion as to when the thirty days to file an appeal commence, and provide an adequate record of the Board's action for judicial review.

*Review on Remand*

Section 6–29–840 provides, "In the event the judge determines that the certified record is insufficient for review, the matter may be remanded to the zoning board of appeals for *rehearing.*" (Emphasis added). Because of the lapse of time between this opinion and the Board hearing, the continual commercialization of the affected area,[3] and the illegibility of the Board hearing transcript, a de novo hearing before the Board is necessary on remand. *See Parker v. South Carolina Pub. Serv. Comm'n,* 288 S.C. 304, 307, 342 S.E.2d 403, 405 (1986) ("Unless this Court provides for the taking of additional evidence, no party may afford itself two bites at the apple."); *Georgetown County Dep't of Social Servs. v. Phipps,* 278 S.C. 64, 292 S.E.2d 184 (1982) (where our supreme court remanded a custody case for a trial de novo because considerable time had passed since the decision awarding custody had been made and the record had become stale); *Dorn v. Criddle,* 306 S.C. 189, 410 S.E.2d 590 (Ct.App.1991) (termination of parental rights case remanded for trial de novo where three years had passed since the appealed order was issued).

## CONCLUSION

Because the circuit court erroneously received additional testimony and there is no adequate final Board decision, we reverse and remand the case to the Board for de novo proceedings and decision in accordance with section 6–29–840.

**REVERSED AND REMANDED.**

CURETON, GOOLSBY, JJ., and MOREHEAD, Acting Judge, concur.

---

**3.** *See Rushing v. City of Greenville,* 265 S.C. 285, 217 S.E.2d 797 (1975). In *Rushing,* our supreme court affirmed a circuit court decision which reversed the City's denial of requests to rezone property on Augusta Street to allow commercial use of the property. The property at issue in *Rushing* is located diagonally across the street from Massey's. In deciding *Rushing,* over two decades before Massey's petition, the court stated, "The area is heavily developed for commercial uses.... The increased traffic, noise and encroaching commercial development have all been sanctioned by the City by zoning changes. These conditions have effectively destroyed any value of the lots for residential purposes." *Id.* at 288, 217 S.E.2d at 798–799.