**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dustin G. Powell, Respondent,

v.

Stacie N. Powell n/k/a Stacie N. Lovett, Appellant.

Appellate Case No. 2019-000850

Appeal From Florence County
Timothy H. Pogue, Family Court Judge

Unpublished Opinion No. 2021-UP-448
Heard October 12, 2021 – Filed December 15, 2021

**REMANDED**

Mary Amanda Harrelson Shuler, of Whetstone Perkins & Fulda, LLC, of Kingstree, for Appellant.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City, and Everett Guy Ballenger, of Barth, Ballenger & Lewis, LLP, of Florence, for Respondent.

**PER CURIAM:** In this change of custody action, Appellant Stacie N. Powell n/k/a Stacie N. Lovett (Mother) seeks review of the family court's order awarding Respondent Dustin G. Powell (Father) custody of their two minor children. Mother

argues the family court erred by finding a substantial change in circumstances affecting the children's welfare because there was no negative change in the children's performance in school and Father did not increase the time he spent with the children despite a change in his work schedule allowing him more flexibility. Mother also argues the family court erred by concluding that awarding Father sole custody was in the children's best interests because the court's underlying findings were not supported by the evidence and the court gave undue weight to the report of the guardian ad litem (GAL). We remand for a de novo hearing.

> As in all matters of child custody, a change in custody analysis inevitably asks whether the transfer in custody is in the child's best interests. In order for a court to grant a change in custody, there must be a showing of changed circumstances occurring subsequent to the entry of the divorce decree. "A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the children would be served by the change."

*Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) (citations omitted) (quoting *Stutz v. Funderburk*, 272 S.C. 273, 276, 252 S.E.2d 32, 34 (1979)).

In other words,

> [t]he change of circumstances relied on for a change of custody must be such as would substantially affect the interest and welfare of the child. Because the best interest of the child is the overriding concern in all child custody matters, when a non-custodial parent seeks a change in custody, the non-custodial parent must establish the following: (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child.

*Latimer*, 360 S.C. at 381, 602 S.E.2d at 35; *see also* S.C. Code Ann. § 63-15-230(A) (Supp. 2020) ("The court shall make the final custody determination in the best interest of the child based upon the evidence presented."); *Burgess v. Arnold*, 422 S.C. 162, 167–68, 810 S.E.2d 255, 258 (Ct. App. 2018) ("In custody decisions, the

best interest of the child is the paramount consideration." (quoting *Gandy v. Gandy*, 297 S.C. 411, 414, 377 S.E.2d 312, 313 (1989))); *id.* at 168, 810 S.E.2d at 258 ("Custody is based on a determination of the character, fitness, attitude[,] and inclinations on the part of each parent." (quoting *Gandy*, 297 S.C. at 414, 377 S.E.2d at 313–14)).

Here, the family court's order as a whole characterized both parents as suitable caretakers. Nevertheless, the family court viewed the parties' communication problems as a reason to terminate joint custody and award sole custody to one of the parties. The family court also considered the girls' educational challenges as a substantial change in circumstances requiring an award of sole custody to Father:

> After reviewing all of the factors above, it is apparent that these two individuals cannot co-parent and therefore joint custody is not possible. This [c]ourt has great concern about the quality of education these children are receiving. [Daughter 1] has made marginal improvements in her grades, but only after this litigation was filed. [Daughter 2] has regressed in her educational achievements[,] and simply changing to a private school is not going to help. As the guardian has so amply pointed out "[Daughter 2] can't read[,]" and evidently she is not getting the proper services to help her with this, either at school or home. The guardian testified that currently these children are educationally and emotionally at risk. They are wonderful children with an "amazing future[,]" but *their problems stem from their parents not getting along and failing to communicate with each other about what is in their children's best interest*.

> *Having considered all of the above, I find that [Father] has met his burden of proof by a preponderance of the evidence that there has been a substantial change in circumstances sufficient to warrant a change in the parties' custodial arrangement.* Since *joint custody of the minor children is no longer viable*, I am granting the father sole custody of the minor children . . . .

(emphases added).

The record supports the family court's finding of poor communication between the parties. For example, Father initiated private counseling for the girls without consulting Mother. Further, at the end of the 2017-2018 school year, Mother made the decision to promote Daughter 2 to the second grade, despite concern expressed by Daughter 2's first grade teacher and without consulting Father. Additionally, Mother had Daughter 2 evaluated for ADHD and administered ADHD medication to Daughter 2 without consulting Father. The most troubling example is the behavior of Father and his family in repeatedly contacting the Department of Social Services with unfounded abuse allegations. Father admitted that he and Mother rarely shared information about the girls with each other.

As to the girls' education, Father testified that the flexibility of his recently changed work schedule would allow him to spend more time helping the girls with school work during the weekdays. He expressed concern over the girls' academic progress, explaining that they "continue to fail, they're not getting the help they need." Father also testified he could place the girls in a public school that is superior to the public school they were attending while living with Mother.

Mother maintains that the girls were already struggling in school at the time of the parties' divorce and, thus, there was no change in circumstances affecting their welfare by the time Father filed this action. Father responds that Daughter 2's grades actually declined from the first quarter to the second quarter of the 2017-2018 school year and declined even further by the time interim reports for the third quarter were issued two days after Father filed his complaint. Although the record supports this assertion, it also shows that Daughter 2's reading scores began to greatly improve approximately two weeks before the November 28, 2018 final hearing. After receiving a failing score on a reading test on November 15, Daughter 2 earned a numerical score of 85 for her daily work on November 16 and two separate scores of 100 for her daily work on November 26. Further, Daughter 1 was on the A-B Honor Roll at the end of the first quarter of the 2018-2019 school year.

We are concerned that both Father and the family court overlooked the most recent grades of the girls just prior to the final hearing. In light of this oversight and the fact that three years have elapsed since the final hearing, the girls' best interests will be served by remanding this case for a de novo hearing. *See Georgetown Cnty. Dep't of Soc. Servs. v. Phipps*, 278 S.C. 64, 65, 292 S.E.2d 184, 185 (1982) ("We are concerned that the best interests of the children cannot be determined because considerable time has elapsed since custody was granted and the record has become stale. Therefore, we remand to the Family Court for a trial de novo . . . ."); *Dorn v. Criddle*, 306 S.C. 189, 192, 410 S.E.2d 590, 592 (Ct. App. 1991) (remanding for a

trial de novo because more than three years had elapsed since the family court issued the appealed order); *Cook v. Cook*, 280 S.C. 91, 93, 311 S.E.2d 90, 91 (Ct. App. 1984) ("We do not believe the child's best interest can be determined due to the considerable amount of time which has elapsed since custody was granted to the mother.  The record before us has become 'stale.'").

The family court should not only examine the girls' academic performance from November 16, 2018 up to the time of the new hearing but also evaluate their adjustment to living with Father and any other factors affecting their best interests.

**REMANDED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**