# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Nathenia J. Rossington, Respondent,

v.

Julio A. Rossington, Petitioner.

Appellate Case No. 2022-000715

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal From Berkeley County
The Honorable Michael S. Holt, Family Court Judge

———————

Opinion No. 28123
Submitted November 3, 2022 – Filed November 23, 2022

———————

## REMANDED

———————

Brett Lamb Stevens, of Stevens Law, LLC, of Columbia,
for Petitioner.

Megan Catherine Hunt Dell, of Dell Family Law, P.C., of
Charleston, for Respondent.

Suzanne E. Groff, of Charleston, Guardian ad Litem.

———————

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the court of appeals' reversal of the family court's order in this matter. *Rossington v. Rossington*, Op. No. 2022-UP-025 (S.C. Ct. App. filed Jan. 12, 2022). We grant the petition on Petitioner's Questions 1, 2, and 4 and deny the petition on Petitioner's Question 3.

This action was commenced in 2017. The matter of physical and legal custody of the parties' minor child has been in contention for almost six years—since the child was two months old. We regret the delay caused in part by our state's court system and acknowledge considerable changes and milestones could occur for a minor child during such a substantial delay that may alter the determination of an arrangement created in the best interests of the child. Indeed, it is more than likely the amount of time that has passed since the family court's order has resulted in a stale record incapable of reflecting facts and circumstances from which the current best interests of the child can be determined. *See Davis v. Davis*, 356 S.C. 132, 135, 588 S.E.2d 102, 103 (2003) (holding the best interests of the child is the court's paramount consideration in child custody matters).

Accordingly, we dispense with briefing, remand this matter to the family court for a trial *de novo* on the custody issue to ensure the custody determination is based on the current best interests of the child, and direct the family court to revise the award of attorney's fees in light of the new trial on the custody issue. *See Georgetown Cnty. Dep't of Soc. Servs. v. Phipps*, 278 S.C. 64, 65, 292 S.E.2d 184, 185 (1982) (remanding to the family court for a trial *de novo*, with the full right of each party to submit evidence and be heard on custody, due to the considerable amount of time—three years—that had elapsed between the original custody order and this Court's decision in the matter); *Dorn v. Criddle*, 306 S.C. 189, 193, 410 S.E.2d 590, 593 (Ct. App. 1991) (remanding a child custody matter for a trial *de novo* after a three-year lapse between court proceedings resulted in a stale record); *Cook v. Cook*, 280 S.C. 91, 93, 311 S.E.2d 90, 91 (Ct. App. 1984) (remanding a child custody matter for a trial *de novo* after a four-year lapse between court proceedings resulted in a stale record). If either party wishes to appeal the order of the family court after a trial *de novo*, the appeal shall be filed directly with this Court.

**REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**