### 19747

W. B. BYRD et al., Respondents, v. CITY OF NORTH AUGUSTA et al., Appellants

(201 S. E. (2d) 744)

*Kelly F. Zier, Esq.,* of North Augusta, *for Appellant,* cites:

*Messrs. Toole & Toole* and *Lybrand, Rich, Cain & Simmons,* of Aiken, *for Respondents,* cite:

January 7, 1974.

LITTLEJOHN, Justice:

The plaintiffs, Byrds, instituted this action against the City of North Augusta and its governing officials (hereinafter referred to as the City), wherein they ask (1) for declaratory judgment holding that they may use the real estate in controversy for commercial purposes, (2) that the court declare the 1971 North Augusta Zoning Ordinance

unconstitutional and invalid insofar as it applies to and attempts to rezone said real estate in a manner contrary to the. restrictive covenants imposed upon the property prior to' annexation into the City, and (3) for a writ of mandamus ordering the City to issue to them a building permit for the erection of a drug store upon the real estate.

The parties submitted all issues to Judge J. B. Ness upon the pleadings and a stipulation. The judge declared the 1971 zoning ordinance invalid insofar as it attempts to rezone the land in controversy from commercial use to residential use. He held. that the Byrds were entitled to use the land commercially and directed the City to issue the building permit. The City has appealed.

Such facts as are before the court are not in contest. In 1951, the Byrds owned a large tract of land; which they subdivided and designated "Lynnhurst Subdivision." At that time it was not within the city. On April 10 of that year, restrictive covenants affecting the property were recorded. The covenants, which were recorded along with the plat, included a preamble which reads as follows:

"Whereas, the said Subdivision is intended for residential purposes only, with the exception of the reserved areas as shown upon said plat, which areas may be used by purchasers for either commercial or residential purposes provided no alcoholic beverages are sold thereon, . . ."

The reserved areas referred to in the preamble and shown on the plat consisted of a 10 acre tract.

In November 1951, the subdivision was annexed into the City of North Augusta and subsequent thereto the 10 acre tract reserved for residential or commercial use was zoned by the City for commercial use. In 1955, a filling station was erected on the reserved area and has been. operated since that time. On October 2, 1961, the Byrds had a surveyor plat the 10 acre reserved area, and recorded the same among the real estate records of Aiken County. The plat designated the 4.5 acres involved in this action as "Plat of

Proposed Lynnhurst Shopping Center." The remaining 5.5 acres of the 10 acre tract were sold for residences.

On June 15, 1971, over the objections of the Byrds, the City rezoned the 4.5 acres so as to limit it to residential use. On April 3, 1972, the City refused the application of the Byrds for a building permit to construct a drug store on this land. This action followed.

It is the contention of the Byrds (A) that the restrictive covenants take precedence over the zoning ordinance and (B) that the zoning ordinance is unconstitutional because arbitrary and unreasonable. The City takes the contrary view. The lower court ruled in favor of the Byrds on both issues.

The City in this appeal has challenged the correctness of the lower court ruling in holding ". . . that restrictive covenants cannot be overthrown by zoning ordinances passed after the restrictive covenants have been placed on real property." It also challenges the ruling that ". . . The rezoning of this property from commercial to residential use is unreasonable and arbitrary. . . ."

■ We agree with the City on the first issue. When restrictive covenants and zoning ordinances are in conflict, the more restrictive of the two prevails. Here the zoning ordinance of 1971 is the more restrictive of the two and, accordingly, the zoning ordinance, and not the restrictive covenants, is controlling.

■ Although we agree with the City on the first issue, we are of the opinion that the lower court must be affirmed on the second issue. The zoning power must be exercised reasonably and not arbitrarily. A zoning regulation is legal or valid only when it is reasonable. See 101 C. J. S. Zoning § 68.

The trial judge held:

"It appears to this Court that under the facts in this case, *the rezoning of this property from commercial to residential*

*use is unreasonable and arbitrary and results in a deprivation of Plaintiffs' property rights, and should be declared invalid insofar as said ordinance attempts to rezone the land in controversy from commercial to residential use.* This land had been set aside for possible commercial use prior to its annexation into the City of North Augusta. Plaintiffs had constructed a commercial building on a portion of same and had caused preparation of a plat in 1961 designating this land in question as Lynnhurst Shopping Center and for commercial usage. The City of North Augusta recognized this commercial designation from November, 1951, until June 15, 1971, a period of more than 19 years. It is obvious to this Court that to allow the rezoning of the land in controversy from commercial to residential as attempted under the June 15, 1971 ordinance enacted by the City of North Augusta, would be arbitrary and unreasonable and a deprivation of the Plaintiffs' property rights, . . ."

The City framed an exception to such ruling but the exception was not argued in its brief, and we therefore consider such to be abandoned. *Allen-Parker Co. v. Lollis,* 257 S. C. 266, 185 S. E. (2d) 739 (1971).

The City having failed to demonstrate error on the unreasonableness and arbitrary issue, the lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.