### 19764

George M. INABINET et al., Respondents, v. R. H. BOOE, Jr., and Delle R. Phillips, Appellants

(202 S. E. (2d) 643)

82

*H. Eugene Hudson, Esq.,* of Myrtle Beach, *for Appellants,*

*Messrs. Bellamy, Rutenberg, Epps & Gravely,* Myrtle Beach, *for Respondents,*

January 30, 1974.

LITTLEJOHN, Justice.

This class action was instituted by the plaintiffs-respondents, in their own behalf and as representatives of all other property owners of the Myrtle Heights real estate subdivision of Myrtle Beach, South Carolina, against R. H. Booe, Jr., and Delle R. Phillips to permanently enjoin Booe from operating a real estate business or any other business upon a lot therein leased by him from Phillips on the ground that such constituted a violation of the applicable restrictive covenants. The matter was referred to the Master in Equity of Horry County, who recommended that the court issue the injunction. His recommendation was accepted by the circuit court and incorporated into its order, from which this appeal is prosecuted.

The Myrtle Heights Section was originally developed by the Myrtle Beach Farms Company during the 1930's. While there is no declaration of restrictions recorded separately from the deeds out of the developer, it is uncontradicted that all deeds by the developer, including the deeds to the lot in question, contain the same restrictive covenants, which provide in pertinent part that "this property shall only be used for residential purposes."

Several months prior to the initiation of this action, Booe leased the lot in question from Phillips and commenced the operation of a real estate office in the building situated thereon. He does not deny the fact that such constitutes a violation of the restrictions. He argues that the property should be relieved from the restrictions because of changes both within and without the subdivision, and argues that the restrictions should be removed because the city has zoned a portion of the subdivision (including the subject property) to a less restrictive classification.

We held in *Byrd v. City of North Augusta, S. C.,* 201 S. E. (2d) 744 (filed Jan. 7, 1974), "When restrictive covenants and zoning ordinances are in conflict the more restrictive of the two prevails."

In *Talbot v. Myrtle Beach Board of Adjustment,* 222 S. C. 165, 72 S. E. (2d) 66 (1952), we held that a zoning law cannot constitutionally relieve land within the district covered by it from lawful restrictions affecting its use, imposed by covenants.

In answer to Booe's argument relative to the changes which have taken place outside the restricted area, we adopt the following portion of the trial judge's order:

"I find that the activity without the subdivision known as 'Myrtle Heights Section' has no bearing upon the validity of the restrictive covenants upon the various lots therein. The recent South Carolina Court case of *Flinkingshelt v. Johnson,* 258 S. C. 77, 187 S. E. (2d) 233 (1972) reaffirms the

holdings in the case of *Martin v. Cantrell*, 225 S. C. 140, 81 S. E. (2d) 37 (1954) in reference to changes without a subdivision affecting the validity of the restrictions therein. In *Flinkingshelt* the Court has clearly indicated that where there has been no breakdown in the scheme of restrictions or substantial violation or disregard of restrictions within a restricted area, property owners are entitled to uphold these restrictions regardless of the activity without the subdivision."

While no hard and fast rule can be laid down as to when changed conditions have defeated the purpose of restrictions, it can be safely asserted that the changes must be so radical as to practically destroy the essential objectives and purposes of the agreement. *Pitts v. Brown*, 215 S. C. 122, 54 S. E. (2d) 538 (1949). With the possible exception of the fact that one or two of the residences within Myrtle Heights have served as rentals during various intervals, there has been but a single deviation from the restrictions within the subdivision, namely, the location of a chiropractor's office within the chiropractor's home. The subdivision contains approximately 160 residential lots; the activity which the defendants describe as a basis for removing the restrictions is inconsequential and has not substantially changed the residential character of the subdivision.

The burden of proving that conditions have changed such as to warrant lifting the restrictions was upon the defendants. They have completely failed to carry such burden to the satisfaction of the lower court, and we agree.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.