**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael T. Green and Carrie J. Green; Julian P. Rutledge and Melvin L. Rutledge; Patricia S. Grate; Carlethia B. Jenkins; Frances Jo Baker; Parkersville Planning & Development Alliance, Inc.; Keep It Green Inc.; and Preserve Murrells Inlet, Inc., Plaintiffs,

of which Michael T. Green and Carrie J. Green; Julian P. Rutledge and Melvin L. Rutledge; Carlethia B. Jenkins; Frances Jo Baker; Parkersville Planning & Development Alliance, Inc.; Keep It Green Inc.; and Preserve Murrells Inlet, Inc., are the Appellants,

v.

Georgetown County; Laine CRE, LLC; TriStar Land, LLC; and Samuel J. Nesbit on behalf of the heirs of Will Nesbit, Respondents.

Appellate Case No. 2024-000023

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-288
Heard May 13, 2025 – Filed June 10, 2026

———————

**REVERSED**

———————

F. Patrick Hubbard, of Columbia, and Cynthia Ranck Person, of Pawleys Island, for Appellants.

H. Thomas Morgan, Jr., of Smith Robinson Holler DuBose Morgan, LLC, of Camden; Shanon N. Peake and Sydney Jean Douglas, both of Smith Robinson Holler DuBose Morgan, LLC, of Columbia, all for Respondent Georgetown County,

Matthew Evan Pecoy, of Pecoy Law Firm, LLC, of Charleston, for Respondents Laine CRE, LLC, and TriStar Land, LLC.

_____

**PER CURIAM:** Michael T. and Carrie J. Green; Julian P. and Melvin L. Rutledge; Carlethia B. Jenkins; Frances Jo Baker; Parkersville Planning & Development Alliance, Inc.; Keep It Green, Inc., and Preserve Murrells Inlet, Inc. (collectively, Appellants), appeal the circuit court's dismissal of their complaint contesting Georgetown County Council's (County Council's) approval of two applications for new subdivisions.[1]  We reverse.

## FACTS/PROCEDURAL HISTORY

The two subdivision applications involved in this case were submitted to the Georgetown County Planning Commission (Planning Commission) on July 19, 2022.  The applications sought approval for the construction of two townhome communities in the Parkersville community in Georgetown County.  The Planning Commission's staff recommended approval of the applications.  At the Planning Commission's August meeting, it denied the subdivision applications because they did not comply with the County's Comprehensive Land Use Plan (the Comprehensive Plan).  The subdivision applications were placed on County Council's September 27, 2022 agenda, and County Council reversed the Planning Commission's denial of the subdivision applications.

---

[1] Individual appellants are adjoining landowners, and the other appellants are community action organizations.

On October 24, 2022, Appellants filed a complaint against Respondents, seeking a declaratory judgment that sections of Ordinance 607 giving County Council authority to approve the subdivision application were invalid because they conflicted with the South Carolina Local Government Comprehensive Planning and Enabling Act of 1994 (the Enabling Act).[2] Appellants also maintained County Council's decision was arbitrary and conflicted with the County's Comprehensive Land Use Plan (the Comprehensive Plan).[3] In the event the circuit court determined County Council had the authority to grant the subdivision applications, Appellants also sought an appeal of that decision. Georgetown County, Laine CRE, LLC, TriStar Land, LLC, and Samuel J. Nesbit (collectively, Respondents) filed motions to dismiss pursuant to Rule 12(b)(6), SCRCP. The circuit court granted the motions,[4] concluding the general provisions of the Enabling Act give County Council, as Georgetown County's legislative body, the authority to make rules regarding zoning. The circuit court also found Appellants failed to allege a constitutional deprivation to provide the basis for a claim seeking to invalidate a zoning decision. Finally, the circuit court held Appellants' argument that County Council's approval was contrary to the Comprehensive Plan was immaterial because the Comprehensive Plan is merely a guideline and not law. This appeal followed.

## LAW/ANALYSIS

### I. Conflict with the Enabling Act

On appeal, Appellants challenge County Council's authority to approve the site plan because sections of Ordinance 607, which provided for review and approval of site plans by County Council in certain instances, conflicted with the Enabling Act. Specifically, Appellants assert Ordinance 607 conflicted with section 6-29-1150, which provides that the Planning Commission has the final decision on site plan approval or disapproval with appeals taken to the circuit court.

---

[2] S.C. Code Ann. § 6-29-310 to -1640 et seq. (2004 & Supp. 2025).

[3] Appellants raised several other arguments in their complaint to the circuit court that are not raised in this appeal.

[4] The circuit court ruled the appeal of County Council's decision could go forward. However, because this opinion determines County Council's approval of the subdivision application conflicts with the Enabling Act, any appeal therefrom is moot. *See Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("This Court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy.").

Section 6-29-1150 provides:

>(A)  The land development regulations adopted by the governing authority must include a specific procedure for the submission and approval or disapproval by the planning commission or designated staff.  These procedures may include requirements for submission of sketch plans, preliminary plans, and final plans for review and approval or disapproval.
>
>. . . .
>
>(C)  Staff action, if authorized, to approve or disapprove a land development plan may be appealed to the planning commission by any party in interest.  The planning commission must act on the appeal within sixty days, and the action of the planning commission is final.
>
>(D)(1)  An appeal from the decision of the planning commission must be taken to the circuit court within thirty days after actual notice of the decision.

Several sections of Ordinance 607 related to larger site plans and indicated the applications "shall have a site plan reviewed by the Planning Commission, approved by County Council and comply[ing] with" certain additional requirements.  *See* 607.207, 607.306, 607.4025 (2011-41).[5]  Appellants contend these sections conflicted with the Enabling Act rendering Ordinance 607 invalid, meaning County Council lacked authority to approve or disapprove of the proposed site plan.   We agree.

"[I]n order for there to be a conflict between a state statute and a municipal ordinance 'both must contain either express or implied conditions which are inconsistent or irreconcilable with each other.  Mere differences in detail do not render them conflicting.'"  *Town of Hilton Head Island v. Fine Liquors, Ltd.*, 302 S.C. 550, 553, 397 S.E.2d 662, 664 (1990) (quoting *McAbee v. S. Ry, Co.*, 166 S.C. 166, 169-70, 164 S.E. 444, 445 (1932)).  In this case, the additional layer of review by County Council was in contradiction to the plain language of the Enabling Act because it removed the final decision on the proposed plans from the Planning

---

[5] Amendments have been made to these ordinances since County Council's approval of the applications in this case.

Commission and gave that power to County Council. If, as in this case, the Planning Commission and County Council votes are at odds, the posture of the appeal to the circuit court is reversed from what the legislature has clearly instructed. While the legislative body is given discretion in determining certain requirements in the site approval process, the Act clearly states the decision of the Planning Commission is final and appeal therefrom is taken to the circuit court. *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."); § 6-29-1150 (providing that the Planning Commission has the final decision on site plan approval or disapproval with appeals taken to the circuit court). In the absence of authority to make such a decision, County Council's approval of the site plan was *ultra vires* and void. *See Baird v. Charleston County*, 333 S.C. 519, 531, 511 S.E.2d 69, 75 (1999) (indicating a county may be sued based on allegations of conduct exceeding its statutory authority).

## II.     Constitutional Deprivation

Appellants argue the circuit court also erred in dismissing their complaint based on their failure to allege a constitutional deprivation. Appellants maintain they were not required to do so, and if they were so-required, they did so sufficiently to withstand a motion to dismiss. We agree.

The circuit court's order relied on *Knowles v. City of Aiken*, which involved whether the passage of a zoning ordinance constituted spot zoning. 305 S.C. 219, 220, 407 S.E.2d 639, 640 (1991). In that case, a nonadjoining landowner protested the annexation of previously unzoned land that was subsequently zoned for professional offices. *Id*. Neighboring landowners supported the ordinance. *Id.* at 223, 407 S.E.2d at 642. In considering the issue, our supreme court stated "[z]oning is a legislative act which will not be interfered with by the courts unless there is a clear violation of citizen's constitutional rights. In order to successfully assault a city's zoning decision, a citizen must establish that the decision was arbitrary and unreasonable." *Id.* at 224, 407 S.E.2d at 642 (citing *Byrd v. City of North Augusta,* 261 S.C. 591, 201 S.E.2d 744 (1974)). Notably, *Knowles* was decided at the summary judgment stage as opposed to the 12(b)(6) dismissal stage. *Id*. at 220, 407 S.E.2d at 640.

In contrast to the facts in *Knowles*, this appeal involves the approval of a site plan. Cases discussing this type of appeal do not address the requirement of a

constitutional deprivation distinct from the concept of standing. *See Citizens for Quality Rural Living, Inc. v. Greenville Cnty. Planning Comm'n*, 426 S.C. 97, 106, 825 S.E.2d 721, 726 (Ct. App. 2019) (stating any party in interest has standing to bring a claim under section 6-29-1150(C)). In this case, one of Appellants' arguments—that County Council was not authorized to approve or disapprove site plans—has the indirect effect of invalidating Ordinance 607. However, that is not the equivalent of directly challenging the constitutionality of a substantive zoning decision by the governing authority. Therefore, we conclude the circuit court's reliance on *Knowles* is misplaced.

Even if *Knowles* is directly applicable, Appellants' complaint alleged County Council's decision was arbitrary, as required by *Knowles*. The complaint also alleged a disparate impact on the minority community.[6] Beyond that, the complaint alleged multiple negative impacts to Appellants' properties and the surrounding area including increased traffic, stormwater drainage issues, and a lack of necessary supporting infrastructure, like fire and police protection. Therefore, even if Appellants were required to state a constitutional deprivation, as articulated by Respondents, it sufficiently stated such to withstand a Rule 12(b)(6) motion. *See Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action. In considering such a motion, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper."); *id.* at 116-17, 628 S.E.2d at 874 ("Furthermore, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action.").

**CONCLUSION**

We hold the circuit court erred in determining the site plan approvals by County Council were valid because sections of Ordinance 607 requiring County Council approval conflicted with the Enabling Act. Furthermore, we reverse the circuit court's dismissal of Appellants' complaint under Rule 12(b)(6), SCRCP, as the

---

[6] *See Abbeville Cnty. Sch. Dist. v. State*, 335 S.C. 58, 65, 515 S.E.2d 535, 538 (1999) (stating a neutral law having a disparate impact violates equal protection if it is drawn with discriminatory intent).

complaint alleged the necessary elements to withstand a motion to dismiss.[7] Accordingly the decision of the circuit court is

**REVERSED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[7] We decline to address other issues raised by Appellants as the disposition of the prior issues are dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an "appellate court need not address remaining issues when disposition of prior issue is dispositive").